Case 2:21-cr-00855   Document 53   Filed on 10/25/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| Plaintiff/Respondent, § | |
| § | |
| v. § | **CRIMINAL CASE NO. 2:21-CR-855** |
| § | **CIVIL CASE NO. 2:23-CV-161** |
| **AARIKA LEE WILSON,** § | |
| Defendant/Movant. § | |

### ORDER

Defendant/Movant Aarika Lee Wilson filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (Dkt. No. 41), to which the United States of America (the "Government") has responded, (Dkt. No. 51).

Movant's Section 2255 motion complains in part that she was denied effective assistance of counsel "because no notice of appeal was filed on her behalf by counsel." (Dkt. No. 41, p. 4).

The United States concedes in its response that this claim requires an evidentiary hearing. As to Movant's claim that counsel failed to appeal, the law is clear: "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969); *Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit")). Moreover, a *pro se* movant need not state the grounds on which she would have appealed, had the opportunity not been denied. *Rodriguez*, 395 U.S. at 330.

1

Applying these standards to the instant case, the Court concludes—and the Government concedes—that Movant is entitled to an evidentiary hearing to determine what communications took place between Movant and her trial counsel regarding an appeal. *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007) (holding district court abused its discretion when it failed to hold an evidentiary hearing on movant's failure to appeal claim, despite his waiver of appellate rights and § 2255 rights). The Court simply is unable to determine on the current record that Movant is not entitled to relief because the issue will turn on the credibility of Movant and her prior counsel. Accordingly, an evidentiary hearing will be held on this claim. *See* RULE 4(B), RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS; *United States v. Rivas-Lopez*, 678 F.3d 353, 358 (5th Cir. 2012) ("A district court must hold an evidentiary hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'").

It is unnecessary for the Court to address Movant's claim that her plea was induced by a false promise at this time. If the Court rules in Movant's favor on her failure-to-appeal claim, she will be entitled to an out-of-time direct appeal. *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001) (where movant was denied effective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal). If, at the conclusion of the hearing, the Court denies Movant's ineffective assistance claim regarding the failure to appeal, the Court will address her remaining ground for relief by written order.

## CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing to address Movant's claim that her counsel was constitutionally ineffective for failing to file a notice

2

of appeal. Movant is entitled to be represented by counsel at the hearing. *See* 2255 RULE 8(c). Accordingly, the Court appoints CJA counsel Sandra Eastwood to represent Movant at the hearing. The Clerk is directed to forward a copy of this Order to Ms. Eastwood and to Attorney Scott Lemanski.

By October 31, 2023, the Parties are instructed to propose a date and time for a hearing.

It is SO ORDERED.

Signed on October 25, 2023.

                                                    **DREW B. TIPTON**
                                      **UNITED STATES DISTRICT JUDGE**